CSATLOS, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. February 20, 1903.) Motion for a reargument.

PER CURIAM. There have been two trials. On the first appeal there was a reversal (75 N. Y. Supp. 583), on the ground that there were errors in the charge; and it was intimated in the opinion, also, that the evidence did not warrant a recovery for negligence in the operation of the car, but, if at all, for negligence in failing to furnish an efficient brake. On the second appeal (79 N. Y. Supp. 653) the judgment was reversed, on the ground that there was a mistrial; this court upon the evidence finding it impossible to determine whether the defendant's liability was predicated on negligent operation of the car or on failure to provide an efficient brake. On the latter subject the verdict was clearly against the weight of evidence. Moreover, when the jury first returned their verdict, they refused to credit the testimony of the driver, who was the principal witness of the plaintiff, both as to negligent operation of the car and as to there being a defective brake. The driver alone testified that there was a defective brake. The testimony of the other witness (Harrison) was merely that the car did not at once stop when the brake was applied. The jury did not credit the testimony of the driver (which this court characterized as "highly incredible and discreditable" by its proven false statements); one of the jurors stating that "some of the jury decided to throw out practically the evidence of the driver." On the subject of the negligent operation of the car, it was pointed out that the testimony on the new trial differed somewhat in plaintiff's favor, and, if credited, tended to show that the driver had not exercised diligence in endeavoring to stop the car when he saw the plaintiff. Our opinion stated the respects in which the testimony of the driver was different, and wherein the testimony of the witness Harrison was different; that Mrs. Csatlos testified differently, and that the testimony of Miss Mick, who was with the plaintiff at the time, was also different. This latter statement was erroneous, for a re-examination of the record discloses that the testimony of Miss Mick is preceded by a sentence to the effect that her testimony on the first trial was read. It was, therefore, the same as upon the first trial. This error, which in no way affects the argument or the results, is the one first stated and relied on by the plaintiff upon this motion for a reargument; but no material point is involved, and all that is necessary in any event is simply to strike from the opinion the words referring to Miss Mick's testimony. The fact remains that the other testimony referred to, and particularly that of the driver, is, if credited, more in plaintiff's favor now than on the first trial. It is further insisted that, the jury having concluded that the driver was negligent in the operation of the car, their finding as to the defective brake may be entirely disregarded, and the judgment affirmed. We are referred to several cases wherein it has been held, as stated in Murray v. N. Y. Life Ins. Co., 96 N. Y. 614, 48 Am. Rep. 658, that "it is not necessary that a jury, in order to find a verdict, should concur in a single view of the transaction disclosed by the evidence. If the conclusion may be justified upon

either of two interpretations of the evidence, the verdict cannot be impeached by showing that a part of the jury proceeded upon one interpretation and a part upon the other." These cases do not apply, for the reason that therein it will be found that a general verdict was rendered. Here the jury had specific questions submitted to them. The jury first returned a finding to a specific question that there was negligent operation of the car, although, as shown, some of the jurors discredited the driver's testimony. Thereafter they returned the finding to a specific question that there was negligence in failure to supply an efficient brake. As pointed out in the opinion, this court is thus left in doubt as to the ground upon which liability was in fact predicated. The finding as to the defective brake is, as stated, against the weight of evidence. On the subject of the negligent operation of the car, it appears, from the course the trial took, that when the jury affirmatively answered this question (for only the second and third questions were returned to them), some of them had "decided to throw out practically" his testimony. But without his testimony there was insufficient upon which to base this finding. This fact could have been more clearly emphasized in our opinion.

The remaining misstatements of fact and law alleged are trivial. Thus it is objected that the court stated that the testimony of the driver alone supported the theory of the defective brake, and yet also stated that Harrison's testimony was "apparently" in corroboration of the driver. Without the testimony of the driver, Harrison's testimony would have no reference to a defective brake; for he simply said that the car did not stop at once when the brake was applied. It was the driver who said the brake was defective; and, if he is believed, this throws light on Harrison's statement. The sentence criticised should be changed so as to read: "This testimony [of the driver] if credited, would tend to explain the testimony of Harrison." Another objection is that the court did not accurately state what was said by the trial justice. The latter had remarked that the second question was "answered in a manner that has a tendency, upon the part, at least, of some of the jurors, to negative the first proposition, to which they agree." This court stated that the trial justice said that the answer was in a manner that has a tendency to negative the first proposition, to which they agree. If a part of the jury so answered, the jury collectively could not answer differently. However, the exact language of the trial justice may be inserted. The next objection is to the statement that "the jury did not believe the driver"; and it is claimed that the jury, as shown by the final answers returned, did believe the driver, they having found in plaintiff's favor. In the statement made this court was pointing out that there had been a mistrial, because the jury first returned a verdict answering one question in plaintiff's favor and not satisfactorily answering the other questions; and it appeared, as shown by the statement of one of the jurors, that "some of the jury decided to throw out practically the evidence of the driver." This statement of the juror is not limited, and its fair meaning is—particularly in view of the discreditable character of the driver's testimony—that all his testimony was by some of the jurors discarded. It follows that the jury collectively did not, as stated, believe him. The remaining point is that the word "inconsistent," instead of "consistent," is used in the opinion in stating some of the remarks of the trial justice. This, in any event, is no more than an oversight, and the sentence may be corrected. The court earlier in the opinion had shown that the trial justice has said the answer to the first question was "consistent." No material point, therefore, of fact or law, is raised which would in any degree avail the plaintiff upon a reargument. The opinion, however, in the respects indicated, should be corrected. Upon a re-examination of this record, we are confirmed in our view that there was a mistrial, which requires that the judgment should be reversed and a new trial had. The motion for a reargument should accordingly be denied, without costs.